# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | No. 4:20-CR-00053 |
|---|---|
| v. | (Judge Brann) |
| RICHARD HOWARD, | |
| Defendant. | |

## MEMORANDUM OPINION

### APRIL 29, 2021

**I.  BACKGROUND**

Defendant Richard Howard has moved to dismiss the indictment, based on a claimed violation of the Speedy Trial Act. The motion is now ripe for disposition; for the reasons below, it is denied.

**II.  THE SPEEDY TRIAL ACT**

The Speedy Trial Act requires that a criminal defendant be brought to trial within 70 days of indictment or initial appearance, whichever occurs later.[1] If that does not happen, the "indictment shall be dismissed on motion of the defendant."[2] There are certain exceptions to the Speedy Trial Act that allow for delay. Relevant for these purposes, a District Court may, "own [its] own motion" continue a trial and exclusion the continuance from calculation for Speedy Trial Act purposes, if it finds that "the ends of justice served by taking such action outweigh the best

---

[1] 18 U.S.C. § 3161(c)(1).
[2] 18 U.S.C. § 3162(a)(2).

interest of the public and the defendant in a speedy trial."³ District Courts may consider several factors in reaching that conclusion.⁴

### III. FACTUAL BACKGROUND

Richard Howard was indicted for allegedly possessing contraband in prison, in violation of 18. U.S.C. 1791(a)(2), on February 27, 2020. His initial appearance was almost two weeks later, on March 10, and trial was set for May 4, 2020. But on May 1, Howard moved to continue trial. I continued trial until August 3, 2020. Howard moved to continue again on July 28. I granted that motion and continued trial until November 2. On November 2, 2020, Howard filed a third motion to continue, which I again granted. Trial was set for January 4, 2021. Each of my Orders continuing trial specifically noted that this lapsing time was excluded from Speedy Trial Act calculations.

These case-specific events happened against the background of the COVID-19 pandemic. On March 13, 2020, then-Chief Judge Conner issued Standing Order 20-01, continuing criminal proceedings for 60 days.⁵ The Standing Order was soon supplemented to note that the time between March 16 and April 30 was "excluded time" under the Speedy Trial Act based on a finding "that the ends of justice served by taking such action materially outweigh the best interests of the

---

³ 18 U.S.C. § 3161(h)(7)(A).
⁴ 18 U.S.C. § 3161(h)(7)(B).
⁵ This Standing Order, along with the others referenced in this memorandum opinion, may be found at https://www.pamd.uscourts.gov/court-info/local-rules-and-orders/general-orders (last visited on April 29, 2021).

public and the parties in a speedy trial."[6] Additional Standing Orders continued that finding through August 17, 2020 and designated those days as "excluded time" under the Speedy Trial Act. On August 6, 2020 Standing Order 20-22 issued and announced that jury trials would resume with certain protocols in place, effective August 17, 2020. In other words, jury trials were effectively continued from March 13, 2020 until August 17, 2020 in the Middle District of Pennsylvania.

Just over four months passed until November 19, 2020, when the state of the COVID-19 pandemic led to the Middle District of Pennsylvania limiting in-court proceedings again via Standing Order 2020-29. That Order continued trials until January 11, 2021 and excluded those days from Speedy Trial Act calculations. Standing Order 20-34 suspended jury trials until February 1, 2021 and Standing Order 21-03 extended that suspension until March 1 of this year. Throughout this entire time, counsel for either party had a right to file a notice with this Court explaining why this case should be exempt from the continuance ordered throughout the Middle District.

Howard filed no such notice with the Court, and never otherwise suggested that this case should proceed.

## IV.    ANALYSIS

Howard contests that the 70-day window under the Speedy Trial Act has passed, and that the indictment against him must be dismissed. The parties agree

---

[6] Standing Order 20-01 (Supp.).

that from May 1, 2020 until January 3, 2021, the Speedy Trial Act was tolled by Howard's own motions for continuances.

Howard claims that the 51 days between March 10, 2020 and April 30, 2020, as well as the 33 days between January 4, 2021 and February 5, 2021 are all non-excludable days that run against the 70-day limit. The Government disagrees, and contests that the time during which in-person court proceedings were suspended by the Middle District of Pennsylvania should not count under the Speedy Trial Act.

Howard asks this Court to find that the Standing Orders issued by then-Chief Judge Conner and Chief Judge Jones were improperly issued and "unreasonable."[7] I will not do so. The Standard Orders issued were carefully considered and made within the authority of the Middle District of Pennsylvania. Many District Courts considering a similar question have found that trial continuances instituted because of the COVID-19 pandemic do not violate the Speedy Trial Act.[8]

Howard points to two in-person proceedings held before me in October and November 2020 as evidence that this Court could have held a trial. But those two instances are easily distinguishable, as they happened while there was no blanket prohibition on in-person trial proceedings. Indeed, the oral argument in *Donald J.*

---

[7] Doc. 29 at 3.
[8] *See, e.g.*, *United States v. Shaner*, 2020 WL 6700954, at *6 (M.D. Pa. Nov. 13, 2020); *United States v. Lev*, 2020 WL 2615477 (D. N.J. May 22, 2020); United States v. Durbesula, 2020 WL 6572640 (W.D. N.C. Nov. 8, 2020); *United States v. Pair*, ---F. Supp. 3d---, 2021 WL 279239 (E.D. Va. 2021); *United States v. Fry*, 2021 WL 304558 (D. Or. Jan. 29, 2021); *United States v. Taylor*, 2020 WL 7264070 (D. D.C. Dec. 10, 2020).

*Trump for President, Inc. v. Boockvar, et al.* took place just days before the Middle District of Pennsylvania reinstated its pause on in-person court proceedings given the spike in coronavirus cases. Once the Middle District determined that trials could not take place, this Court complied and continued all trials.

Howard also points to the fact that stores, schools, and restaurants in this vicinage of the Middle District are open for business as proof that the courts should have held trials throughout the pandemic. That argument is equally unconvincing. First, this Court does not exercise plenary control over private businesses and public schools; I do not generally tell local restaurants whether to open or close. Second, as the Government notes in its brief, people can choose to go to a store when it is less crowded or can avoid certain stores completely. A prospective juror has little choice but to appear when summoned for jury duty. Third, that those other entities are open has little bearing on whether the Middle District of Pennsylvania believes it safe or wise to conduct trials during a global pandemic. That it may have been physically possible to hold trials is not the relevant inquiry; District Courts are not held to an "impossibility" standard.[9] After due consideration, and having made the required findings under the Speedy Trial Act, the Middle District of Pennsylvania determined that the ends of justice warranted continuing trials and designating that time as "excluded" for purposes of the

---

[9] *See United States v. Olsen*, ---F.3d---, 2021 WL 1589359 (9th Cir. 2021).

statute. As I have noted, the Middle District was not the only federal district that made this decision – far from it.

The Court's calculation of the Speedy Trial Act clock, as it pertains to Howard, is straightforward. The 70-day window began on March 10, 2020, when the Defendant first appeared before the Court. It ran until March 15. The next day, then-Chief Judge Conner supplemented Standing Order 20-01, and excluded time under the Speedy Trial Act. From then until August 17, various Standing Orders extended the excluded time. At the same time, Howard filed his first motion to continue trial on May 1, 2020. The Order granting that motion issued on May 4. Between the Middle District's Standing Orders and the Defendant's motions, there is no question that from March 16 until August 17, no Speedy Trial Act days count. So until that point, Howard had only accumulated 6 days under the Speedy Trial Act.

From August 17, 2020 until January 4, 2021, Howard's second and third motions to continue led to that entire period being excluded from Speedy Trial Act calculations.[10] And from January 4 until February 4, 2021, additional Standing Orders from the Middle District lead to the same result. In other words, between March 10, 2020 and February 4, 2021, the Defendant accumulated only 6 days under the Speedy Trial Act.

---

[10] Howard's second and third motions to continue were granted on August 3 and October 29.

## V. CONCLUSION

Howard provides no reason or argument, beyond those somewhat irrelevant anecdotes, to justify his position that the Middle District's Standing Orders were unreasonable or contravened the Speedy Trial Act. He "has not identified any factual or legal error" in any of the Middle District's Standing Orders, and therefore has not met his burden to show that his Speedy Trial Act rights have been violated.[11] The motion to dismiss the indictment is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11] *United States v. Reese*, 482 F.Supp.3d 816, 820 (D. Minn. 2020).